No. 23,965.

C. H. LAMB, *Appellee,* v. FRANK ORGAN (MARTIN LADD, substituted) as Receiver of THE PEOPLES STATE BANK OF COFFEYVILLE, *Appellant.*

SYLLABUS BY THE COURT.

1. TRUST FUND—*Special Deposit in Bank for Particular Purpose—May Be Followed and Reclaimed.* The rule of *Secrest v. Ladd, Receiver,* ante p. 23, followed and applied, holding that a special deposit placed in a bank for a particular purpose that the bank had misappropriated and used in its general business before it became insolvent is a trust fund which the owner might follow and reclaim from the assets of the bank that had passed into the hands of a receiver.

2. SAME—*Title to Special Deposit Never Passed to Bank—Not Set-off Against Trust Fund.* As the ownership of the money deposited never passed to the bank or to the receiver or to a third party with whom the plaintiff had a contract, the conditions of which had not been fulfilled, the indebtedness of the third party to the bank could not be set off against the preferential claim of plaintiff to the trust fund.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed October 7, 1922. Affirmed.

*W. E. Ziegler,* and *A. M. Etchen,* both of Coffeyville, for the appellant.

*Walter S. Keith,* and *Harold C. McGugin,* both of Coffeyville, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by C. H. Lamb against the receiver of the Peoples State Bank of Coffeyville to recover $500 and to have it adjudged to be a trust fund payable in

Lamb v. Ladd, *Receiver*.

full out of the assets of the insolvent bank in preference to the claims of general creditors. Judgment was given for plaintiff and the deposit was adjudged to be a preferred claim. Defendant appeals.

The case was tried upon agreed facts, in substance that plaintiff deposited in the bank in an escrow account $500 to be paid to one Anderson on the fulfillment of a contract between him and plaintiff. The contract, executed on November 23, 1920, was to the effect that Anderson would drill a well for oil or gas on certain premises and plaintiff was to have a one-eighth interest in the lease, and if oil was found should pay one-eighth of the cost of equipping the oil well. It was stipulated that upon the completion of the oil well and the delivery to plaintiff by Anderson of a one-eighth interest in the lease and the disposition of the remaining interests in the lease, the deposit was to be paid to Anderson, but if he failed to perform these conditions the bank was to return the money deposited to the plaintiff. Anderson failed to perform the conditions, but the money was not returned to plaintiff. Instead of holding the money for the specified purpose it was commingled with the general funds of the bank and used in honoring checks, making loans and carrying on the general business of the bank. Afterwards the bank became insolvent, and on January 20, 1921, a receiver was appointed who took charge of its assets and is now winding up its business. Anderson was indebted to the bank in an amount of $3,000 and the receiver claimed a lien on the escrow deposit for the payment of Anderson's indebtedness. The plaintiff claimed that the escrow deposit was a trust fund in the hands of the receiver and should be treated as a preferred claim against the assets in the hands of the receiver. The court sustained the claim of the plaintiff and held that he was entitled to a preferential payment out of the assets in the hands of the receiver. The facts relating to the misappropriation of the special deposit, the insolvency of the bank and the passing of the assets into the hands of a receiver, are the same as in the companion case of *Secrest v. Ladd, Receiver*, just decided, ante, p. 23, and under the rule of that authority the plaintiff is entitled to follow the fund and reclaim it in full out of the assets which passed to the receiver before distribution is made to general creditors.

The receiver asserted a claim against the fund because Anderson was indebted to the bank in the sum of $3,000. That indebtedness

did not give the bank or the receiver a lien on the trust fund. Anderson acquired no interest or ownership in the special deposit because of his noncompliance with the contract. The contract not being fulfilled, the money equitably belonged to the plaintiff. The ownership of the fund held in trust by the bank never passed to the bank, and the receiver can have no better title to it than the bank had. There is no ground for setting off the indebtedness of Anderson as against the claim of plaintiff.

Judgment affirmed.